**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| SALLY KERANS<br>3564 Calumet Drive<br>Cincinnati, Ohio  45245<br><br>    Plaintiff,<br><br>v.<br><br>PITTSBURGH ARCHITECTURAL<br>FINISHES, INC.<br>(d/b/a PORTER PAINTS),<br>a subsidiary of PPG INDUSTRIES, INC.<br>One PPG Plance<br>Pittsburgh, PA  15272-0001<br><br>    Defendant. | CASE NO. C-1-01-565<br><br>J.  Weber<br><br><br><br><br><br>**SECOND AMENDED COMPLAINT**<br>**WITH JURY DEMAND**<br>**ENDORSED HEREON** |

Plaintiff Sally Kerans complaining of Defendant Pittsburgh Architectural Finishes, Inc. alleges as follows:

## PARTIES

1. Plaintiff Sally Kerans is a citizen and resident of the state of Ohio.

2. On information and belief, Defendant Pittsburgh Architectural Finishes, Inc. is a wholly-owned subsidiary of PPG Industries, Inc., a Pennsylvania corporation. Defendant is an employer within the meaning of federal and Ohio state law.

3. On information and belief, Pittsburgh Architectural Finishes, Inc. was incorporated in Delaware.

## JURISDICTION AND VENUE

4. Plaintiff's claims arise under both federal and Ohio state law.

5. This Court has original jurisdiction over the allegations in this Complaint

pursuant to 28 U.S.C. §1332 et seq., because the parties are completely diverse and Ms. Kerans is seeking damages in excess of $75,000. Defendant is a Delaware corporation with its principal place of business in Pennsylvania and Ms. Kerans is a citizen an resident of the state of Ohio.

6. Plaintiff's Count VII arises under the Employee Retirement Income Security Act, 29 U.S.C. § 1140. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

7. This Court has supplemental jurisdiction over the state law claims in Counts I-VI pursuant to 28 U.S.C. § 1367 on the grounds that those Counts are so related to Count VII, over which the Court has original jurisdiction, that they form part of the same case or controversy.

8. Plaintiff will amend jurisdiction upon receipt of Equal Employment Opportunity Commission notice of right to sue under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act and the Americans with Disabilities Act.

9. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b) because the incidents giving rise to this Complaint occurred in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff is a Caucasian female.

11. Plaintiff was born May 22, 1938.

12. Plaintiff has been employed as a decorator for Defendant since 1971 (with the exception of an eight-month hiatus period).

13. Plaintiff most recently worked for the Porter Paints store located at 9865 Montgomery Road in Cincinnati, Ohio.

14. On information and belief, Plaintiff was the oldest employee in the store and had

the most seniority of all decorators.

15. Plaintiff was fully qualified for her position at all times.

16. Plaintiff received numerous awards for obtaining the highest wallcovering sales volume in her district.

17. Plaintiff has previously complained of sexual harassment at Defendant's place of employment. One previous complaint resulted in a lawsuit that culminated in Kerans v. Porter Paint (1991), 61 Ohio St. 3d 486, 575 N.E.2d 428.

18. Plaintiff's job involved lifting heavy wallcovering books. In or about October 2000, Plaintiff informed Defendant that she could not do any lifting due to a medical condition. Defendant took no action in response to this statement.

19. Plaintiff complained on numerous occasions to manager Donna Wise, about Defendant's unwillingness to accommodate her lifting restrictions. Defendant ignored these requests and, in fact, increased the lifting requirements of Plaintiff's job.

20. Plaintiff was subjected to harassment on the job by co-workers, supervisors, and managers including but not limited to snide remarks, cutting comments, isolation, having clients taken away with no explanation, and other abusive behavior.

21. No other employee received this hostile treatment.

22. Plaintiff was informed that her direct supervisor, Jerry Combs, Store Manager, wanted to get rid of her.

23. On or about March 2, 2001, Defendant inquired about Plaintiff's health and then terminated her without warning or disciplinary proceeding.

24. Plaintiff had informed Defendant that Plaintiff had intended to retire in approximately two years.

25. Defendant's alleged reason for terminating Plaintiff's employment was that

Plaintiff was not profitable enough, that the company had received complaints from customers about her, and that she could not get along with her co-workers. These reasons are false and pretext for unlawful discrimination.

26. On information and belief, Plaintiff was replaced on or about June 2, 2001 by Lisa Bammerlin, who is not disabled and who is substantially younger than Plaintiff.

## COUNT I

### (Disability Discrimination - O.R.C. ch. 4112)

27. Plaintiff realleges the foregoing paragraphs as if fully written herein

28. Plaintiff is disabled.

29. At all times relevant to this action, Plaintiff was fully qualified to perform her position at Defendant's place of employment.

30. On information and belief, Plaintiff was replaced by a non-disabled employee.

31. Plaintiff's termination constituted disability discrimination.

32. Plaintiff requested and was denied reasonable accommodation for her disability.

33. As a direct and consequential result of Defendant's willful violation, Plaintiff has suffered injuries and damages for which she is entitled to compensation.

## COUNT II

### (Disability Harassment - O.R.C. ch. 4112)

34. Plaintiff realleges the foregoing paragraphs as if fully written herein.

35. Plaintiff is disabled.

36. At all times relevant to this action, Plaintiff was fully qualified to perform her position at Defendant's place of employment.

37. Plaintiff was subjected to harassment on the basis of her disability.

38. As a direct and consequential result of Defendant's willful violation, Plaintiff has suffered injuries and damages for which she is entitled to compensation.

## COUNT III

**(Gender Discrimination - O.R.C. ch. 4112.02)**

39. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

40. Plaintiff is female.

41. Plaintiff was fully qualified for her position at all times.

42. Defendant unlawfully discriminated against Plaintiff by treating her differently than other employees on account of her gender.

43. Defendant unlawfully discriminated against Plaintiff by terminating her employment on account of her gender in violation of O.R.C. § 4112.02.

44. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to compensation pursuant to O.R.C. § 4112.99.

## COUNT IV

**(Age Discrimination -- O.R.C. ch. 4112)**

45. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

46. Although Plaintiff was fully qualified for her position, she was terminated and replaced by a substantially younger individual.

47. Defendant terminated Plaintiff's employment because of her age.

48. Defendant's conduct in treating Plaintiff differently from other similarly situated

younger employees violates Ohio Revised Code §§ 4112.02 et seq. and constitutes unlawful age discrimination.

49. Defendant's misconduct was willful, wanton, and with intentional or reckless disregard for the rights of Plaintiff.

50. Plaintiff has been injured by Defendant's conduct and is entitled to judgment for all injuries caused by Defendant's misconduct pursuant to Ohio Revised Code §§ 4112.02 and 4112.99.

## COUNT V

**(Retaliation - O.R.C. ch. 4112)**

51. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

52. Plaintiff complained to Defendant on numerous occasions about sexual harassment and/or disability discrimination.

53. Defendant willfully and maliciously discriminated against Plaintiff, a female, by subjecting her to a hostile work environment and terminating her.

54. As a direct and consequential result of Defendant's willful and malicious discriminatory conduct, Plaintiff has suffered injuries and damages for which she is entitled to compensation.

## COUNT VI

**(Breach of Ohio Public Policy)**

55. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

56. There are clear public policies expressed in both state and federal law that employees should not be subjected to gender, age or disability discrimination, or retaliation for engaging in protected activity.

57. Defendant's above-described actions violated these established public policies of the state of Ohio, and Defendant lacked an overriding legitimate business justification for its actions.

58. Defendant's actions constitute a breach of public policy, and are willful, wanton and malicious in nature.

59. As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered injuries and Plaintiff is entitled to damages.

### COUNT VII
### (ERISA–29 U.S.C. § 1140)

60. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

61. Defendant unlawfully discriminated against Plaintiff by terminating her to prevent her from exercising her rights under Defendant's employee benefit plans, retirement plans, and or medical disability plans and to avoid the cost of paying them substantial benefits in the future in violation of ERISA, 29 U.S.C. § 1140.

62. Defendant's conduct violates ERISA §510, 29 U.S.C. § 1140, and Plaintiff is entitled to damages pursuant to § 502(a), 29 U.S.C. § 1132(a).

63. As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered injuries and Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) That Defendant be enjoined from further unlawful conduct as described in this Complaint;

(b) That Plaintiff be awarded lost pay and benefits;

    (c)    That Plaintiff be awarded compensatory damages;

    (d)    That Plaintiff be awarded punitive damages;

    (e)    That Plaintiff be awarded liquidated damages;

    (f)    That Plaintiff be awarded reasonable attomeys' fees, and

    (g)    That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

    Respectfully submitted,

/s/ Megan E. Clark
_____
Randolph H. Freking (0009158)
Megan E. Clark (0065159)
Trial Attorneys for Plaintiff
215 East Ninth Street, Fifth Floor
Cincinnati, OH 45202
(513) 721-1975

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Megan E. Clark
_____

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 4, 2003, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                             /s/ Megan E. Clark
                                                         _____