UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


SALLY KERANS,

               Plaintiff

    v.                                C-1-01-565

PORTER PAINTS, *et al.*,

               Defendants


**<u>ORDER</u>**

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 29) and the parties' objections thereto (doc. nos. 30 and 31). The Magistrate Judge recommended that defendant's motion for summary judgment be granted in part and denied in part and that plaintiff's state law claims be dismissed without prejudice. The parties object to the Magistrate Judge's Report and Recommendation.

## I. Report and Recommendation

Plaintiff brings claims for interference with her rights under § 510 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1140, and state law claims for retaliation, disability discrimination and harassment, age discrimination, and breach of Ohio public policy based on retaliation and age, gender and disability discrimination. The Magistrate Judge determined that plaintiff had established a prima facie case under ERISA § 510 but that her sole argument in support of an inference of pretext, i.e., that defendant had

1

failed to follow its four-step termination procedure in terminating plaintiff's employment, was not sufficient alone to support an inference of pretext. The Magistrate Judge recommended that the state law claims should be dismissed without prejudice in light of the recommendation that summary judgment be granted in defendant's favor on plaintiff's only federal question claim.

## II. Parties' objections

Defendant objects to the Magistrate Judge's recommendation to the extent it dismisses plaintiff's state law claims without prejudice for lack of jurisdiction. Defendant argues that the Court has original jurisdiction over the claims under 28 U.S.C. § 1332 since defendant is a Delaware corporation with its principal place of business in Pennsylvania and plaintiff is a citizen and resident of Ohio, and the amount in controversy exceeds $75,000. Defendant therefore urges the Court to retain jurisdiction over plaintiff's state law claims and grant defendant's motion for summary judgment as to those claims.

Plaintiff objects to the Report and Recommendation on the ground that the Magistrate Judge's reasoning on her ERISA claim fails to account for all of the evidence of pretext upon which plaintiff relies. Plaintiff alleges that the following is indicative of pretext: (1) plaintiff worked for defendant for thirty years without any indication that defendant was displeased with any aspect of her employment; (2) defendant belatedly relied on her alleged unsatisfactory performance; (3) defendant concedes that plaintiff's salary and benefits level was a factor in the decision to terminate her employment; (4) defendant replaced plaintiff with a less experienced individual; and (5) documentation which purportedly justifies

plaintiff's termination shows that plaintiff was outperforming her replacement. Plaintiff further objects that dismissal of the state law claims is improper. Although she alleged in the first amended complaint that the Court had supplemental jurisdiction over her state law claims, plaintiff now asserts that this Court has diversity jurisdiction over those claims. Plaintiff requests leave of court to file a second amended complaint which references the Court's diversity jurisdiction.

### III. Opinion

The Court has conducted a *de novo* review of the record. For the reasons set forth below, the Court declines to adopt the Report and Recommendation.

### A. ERISA claims

The Court agrees with the Magistrate Judge that plaintiff has established a prima facie case of interference with her rights under ERISA § 510. The Court declines to adopt the Magistrate Judge's recommendation that summary judgment be granted on this claim, however. The Court finds that plaintiff has come forward with sufficient evidence to permit an inference of pretext, including evidence of her past performance and qualifications as compared to the performance and qualifications of Lisa Bammerlin, the decorator who was reassigned to plaintiff's store shortly after plaintiff's termination. Because the evidence raises factual issues concerning the true reason for plaintiff's termination and whether the reasons offered are a pretext for interference with plaintiff's ERISA rights, defendant is not entitled to summary judgment on this claim.

### B. State law claims

The parties agree that the Court has diversity jurisdiction over plaintiff's state law claims. Accordingly, the Court will allow plaintiff to file a second amended complaint asserting diversity jurisdiction. Because the parties have fully briefed the issue of summary judgment on plaintiff's state law claims, the Court will consider herein whether summary judgment on those claims is warranted.

Federal case law applying Title VII and the Americans with Disabilities Act is generally applicable to cases involving O.R.C. Chapter 4112. *Brune and Ashing v. Basf Corp*. 234 F.3d 1267, 2000 WL 1597908 *2 (6th Cir. 2000)(unpublished decision)(citing *Plumbers & Steamfitters Joint Apprenticeship Comm. v. OCRC,* 66 Ohio St.2d 192, 421 N.E.2d 128, 131-32 (1981); *Wooten v. City of Columbus,* 91 Ohio App.3d 326, 632 N.E.2d 605, 611 (1993)).  In order to establish a prima facie case of discrimination, the plaintiff must show:

> 1) that [s]he is a member of a protected group, 2) that [s]he was subject to an adverse employment decision, 3) that [s]he was qualified for the position, and 4) that [s]he was replaced by a person outside of the protected class.

*Kline v. TVA,* 128 F.3d 337, 349 (6th Cir. 1997)(citing *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992). In the case of age discrimination, plaintiff can establish the fourth prong of her prima facie case by showing that she was replaced by a substantially younger individual, even if that individual is within the protected class. *O'Connor v. Consolidated Coin Caterers Corporation,* 517 U.S. 308, 313 (1996); see also *Manzer v. Diamond Shamrock Chemicals Company,* 29 F.3d 1078, 1081 n. 2 (6th Cir. 1994).

Plaintiff may also establish the fourth prong of a prima facie case by showing that she was treated less favorably than a similarly situated employee outside of her protected class. **Clayton v. Meijer, Inc.,** 281 F.3d 605, 610 (6th Cir. 2002)  In such a case, plaintiff must prove that all relevant aspects of her employment situation were similar to those of the employee with whom she seeks to compare herself. **Ercegovich v. Goodyear Tire & Rubber Co.,** 154 F.3d 344, 352 (6th Cir. 1998). To be similarly-situated in a disciplinary context, the individuals must have dealt with the same supervisor, they must have been subject to the same standards, and they must have engaged in the same conduct without such differentiating or mitigating circumstances which would distinguish their conduct or the employer's treatment of them for that conduct. **Id.** at 352 (quoting **Mitchell,** 964 F.2d at 583); **Smith v. Leggett Wire Co.,** 220 F.3d 752, 762 (6th Cir. 2000).

A plaintiff may satisfy her prima facie burden of showing that she is qualified for her position by "presenting credible evidence that [her] qualifications are at least equivalent to the minimum objective criteria required for employment in the relevant field." **Wexler v. White's Furniture**, 317 F.3d 564, 575-576 (6th Cir. 2003). A court should focus on the plaintiff's objective qualifications. **Id.** at 576.  The focus should be on criteria such as the plaintiff's education, experience in the relevant field, and demonstrated possession of the necessary general skills. **Id.**

If plaintiff establishes her prima facie case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision. **McDonnell Douglas Corp. v. Green,** 411 U.S. 792 (1973); **Texas Dept. of Community**

*Affairs v. Burdine,* 450 U.S. 248 (1981). If the defendant carries this burden, the plaintiff must prove that the proffered reason is pretextual. *Id.* The plaintiff can establish pretext by a direct showing that a discriminatory reason more likely motivated the employer or by indirectly showing that the employer's reason is not credible. *Kline,* 128 F.3d at 342-43.

The Court finds that plaintiff has come forward with sufficient evidence to establish a prima facie case of age discrimination. Plaintiff has established that she is a member of the protected class and that defendant terminated her employment. When the evidence in this case is examined independent of the reasons offered by defendant for plaintiff's termination and the focus is placed on plaintiff's objective qualifications, there is evidence to support a finding that plaintiff was qualified for her position. Plaintiff has also shown that there is an issue as to whether she was replaced by an individual outside the protected class so as to satisfy the fourth prong of her prima facie case. Plaintiff, who was age 62 on the date of her termination, alleges that she was replaced by another decorator, Lisa Bammerlin, who was thirty-one years old at the time. It is undisputed that although plaintiff's job duties were initially assumed by Ms. Bammerlin and the only other decorator in the Cincinnati market, Ms. Bammerlin was reassigned from defendant's Pisgah store to plaintiff's store three months following plaintiff's termination. Accordingly, the Court finds that there is an issue of fact as to whether plaintiff was replaced so as to satisfy the fourth prong of a prima facie case. See *Barnes v. GenCorp,* 896 F.2d 1457, 1465 (6th Cir. 1990)(a person is replaced when another employee is reassigned to perform the individual's duties.)

6

Moreover, as stated above, there are disputed questions of fact underlying resolution of the issue of whether defendant's stated reasons for plaintiff's termination are pretextual. Accordingly, defendant is not entitled to summary judgment on plaintiff's age discrimination claim.

Plaintiff has failed to establish a prima facie case of disability discrimination and harassment. Plaintiff has not come forward with any evidence to support a finding that she was disabled or perceived as disabled during the time she was employed by defendant as is required in order to establish the first prong of a prima facie case of disability discrimination. See *Hoskins v. Oakland County Sheriff's Department,* 227 F.3d 719, 724 (6th Cir. 2000); *Gantt v. Wilson Sporting Goods Co.,* 143 F.3d 1042, 1047 (6th Cir. 1998).

Plaintiff has likewise failed to establish a prima facie case of gender discrimination. In an effort to establish the fourth prong of her prima facie case, plaintiff alleges that Cincinnati Store Group Manager Mike Allen was similarly situated to her and that he received more favorable treatment. Plaintiff has not shown, however, that she and Mr. Allen were similarly situated in any pertinent respect. For these reasons, defendant is entitled to summary judgment on plaintiff's gender discrimination claim.

Plaintiff has also failed to come forward with sufficient evidence to support a finding in her favor on her retaliation claim. To establish a claim of retaliation, plaintiff must demonstrate that (1) she engaged in protected activity; (2) the exercise of her civil rights was known by defendant; (3) defendant thereafter took adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action.

*Walborn v. Erie County Care Facility,* 150 F.3d 584, 588-89 (6th Cir. 1998); *Thatcher v. Goodwill Industries of Akron,* 117 Ohio App.3d 525, 534-35, 690 N.E.2d 1320, 1326 (1997) (citing *Chandler v. Empire Chem., Inc., Midwest Rubber Custom Mixing Div.,* 99 Ohio App.3d 396, 402, 650 N.E.2d 950, 954 (1994)). To establish a causal connection, plaintiff must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had plaintiff not engaged in the protected activity. *Nguyen v. City of Cleveland,* 229 F.3d 559, 563 (6th Cir. 2000).

In support of her retaliation claim, plaintiff alleges that a sexual harassment case which she had filed against defendant's predecessor and which was ultimately resolved in 1991 was considered in connection with her termination. Plaintiff asserts that when discussing her potential termination, defendant's managers declared that they were tired of putting up with a hands-off approach to plaintiff because of her prior case. Plaintiff also alleges that she complained to Regional Sales Manager Donna Wise about a "boys' club" in the Montgomery Road store as well as other mistreatment, which information Ms. Wise passed on to Mr. Allen for further investigation. Plaintiff alleges that Mr. Allen in turn apparently spoke to others in the store, following which plaintiff felt repercussions from those individuals.

The only action alleged by plaintiff which could be deemed an adverse employment action is the termination of her employment. Plaintiff has failed to come forward with sufficient evidence to permit an inference of a causal connection between her prior lawsuit and the termination of her employment a decade later. The "hands-off" comment cannot

reasonably be construed as evidence of a causal connection between the two events. If anything, the comment suggests that defendant had afforded plaintiff more favorable treatment because of her prior lawsuit. Furthermore, even if plaintiff's complaints to management about mistreatment could be construed as opposition to unlawful conduct, plaintiff has not presented evidence which would permit an inference of a causal connection between her complaints and her termination. For these reasons, defendant is entitled to summary judgment on plaintiff's retaliation claim.

In accordance with the above findings, defendant is likewise entitled to summary judgment on plaintiff's claim for breach of Ohio public policy to the extent that claim is premised on alleged disability and gender discrimination and retaliation. Defendant argues that plaintiff cannot pursue a claim for breach of Ohio public policy based on age discrimination because federal and state statutes provide for a broad spectrum of remedies such that there is no need to recognize a common law action for wrongful discharge. However, both state and federal courts have acknowledged that Ohio recognizes a claim for tortious wrongful termination in violation of public policy based on age discrimination. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001); *White v. Honda of Am. Mfg., Inc.*, 191 F.Supp.2d 933, 954 (S.D. Ohio 2002)(Sargus, J.); *Ferraro v. B.F. Goodrich Co.*, 149 Ohio App.3d 301, 316, 777 N.E.2d 282, 294 (Ohio App. 9 Dist. 2002). Plaintiff may therefore proceed with her public policy claim insofar as she alleges a breach of Ohio public policy against age discrimination.

9

### IV. Conclusion

The Court hereby **DECLINES TO ADOPT** the Report and Recommendation of the United States Magistrate Judge (doc. no. 29).   Plaintiff is **GRANTED** leave to file the second amended complaint attached to her objections to the Report and Recommendation (doc. no. 31). The Clerk is **DIRECTED** to file the second amended complaint. Defendant's motion for summary judgment (doc. no. 14) is **GRANTED IN PART** and **DENIED IN PART**.  Summary judgment is **GRANTED** in favor of defendant on plaintiff's claims for disability discrimination and harassment, gender discrimination,  retaliation, and breach of Ohio public policy to the extent that claim is premised on disability and gender discrimination and retaliation. Defendant's motion for summary judgment is **DENIED** as to plaintiff's claim alleging a violation of § 510 of ERISA, 29 U.S.C. § 1140, and her claims for age discrimination and breach of Ohio public policy against age discrimination. This case will proceed to trial on such claims in accordance with the schedule established by the Court.

**IT IS SO ORDERED.**

S/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court

J:\HJWA\01-565rrmsj.wpd