# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **SALLY KERANS,** | : | |
| Plaintiff, | : | |
| | : | Case No. C-1-01-565 |
| v. | : | |
| | : | Judge Weber |
| **PITTSBURGH ARCHITECTURAL** | : | |
| **FINISHES, INC.,** | : | |
| Defendant. | : | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

In answer to the Second Amended Complaint served upon it in this action, Defendant Pittsburgh Architectural Finishes, Inc. ("the Company"), by counsel, hereby answers as follows:

1.    Defendant admits the allegations in Paragraph 1.

2.    Defendant admits that PPG Architectural Finishes, Inc. is a wholly owned subsidiary of PPG Industries, Inc., that PPG Industries, Inc. is a Pennsylvania corporation, and that PPG Architectural Finishes, Inc. is an employer as that term is defined in Ohio Revised Code Chapter 4112 and ERISA.  However, Defendant denies the remaining allegations in Paragraph 2.

3.    Defendant admits that PPG Architectural Finishes, Inc. is incorporated in the state of Delaware, but denies the remaining allegations in Paragraph 3.

4.    Defendant admits that Plaintiff seeks to assert claims under both federal and Ohio law.  However, Defendant denies that Plaintiff can establish any of her claims, and denies the remaining allegations in Paragraph 4.

5.    Defendant admits the allegations in Paragraph 5.

6.    Defendant admits that Plaintiff seeks to assert a claim under ERISA, and admits that this Court has subject matter jurisdiction over this claim.  However, Defendant denies that Plaintiff can establish a claim under ERISA, and denies the remaining allegations in Paragraph 6.

7.    Defendant admits that this Court has the discretion to exercise supplemental jurisdiction over Plaintiff's state law claims.  However, Defendant denies that Plaintiff can establish any of her claims arising under Ohio law, and denies the remaining allegations in Paragraph 7.

8.    Defendant is without information or knowledge sufficient to form a belief regarding whether Plaintiff plans to amend jurisdiction or whether the EEOC will issue a notice of right to sue, and, therefore, it denies the allegations in Paragraph 8.

9.    Defendant admits that venue is proper in this District, but denies the remaining allegations in Paragraph 9.

10.    Defendant admits the allegations in Paragraph 10.

11.    Defendant admits the allegations in Paragraph 11.

12.    Defendant admits the allegations in Paragraph 12.

13.    Defendant denies the allegations in Paragraph 13.

14.    Defendant admits that, at the time of her termination, Plaintiff was the oldest employee working at the Montgomery Road store, and that she had the most seniority of any decorator at that store.  However, Defendant denies the remaining allegations in Paragraph 14.

15.    Defendant denies the allegations in Paragraph 15.

16.    Defendant admits that Plaintiff received awards for obtaining the highest wallcovering sales volume in her district, but denies the remaining allegations in Paragraph 16.

17.    Defendant admits that Plaintiff previously made allegations of sexual harassment

against the Company in the lawsuit that resulted in the Ohio Supreme Court decision <u>Keran v. Porter Paint</u> (1991), 61 Ohio St.3d 486. However, Defendant denies that Plaintiff was ever sexually harassed during her employment with the Company, and denies the remaining allegations in Paragraph 17.

18.    Defendant admits that Plaintiff's job involved lifting wallcovering books, but denies the remaining allegations in Paragraph 18.

19.    Defendant admits that Plaintiff complained about having to lift wallcovering books. However, Defendant denies that Plaintiff was under any lifting restrictions, and denies the remaining allegations in Paragraph 19.

20.    Defendant denies the allegations in Paragraph 20.

21.    Defendant admits that its employees do not receive hostile treatment. However, Defendant denies that Plaintiff was treated less favorably than other employees, and denies the remaining allegations in Paragraph 21.

22.    Defendant is without information or knowledge sufficient to form a belief regarding whether someone told Plaintiff that Jerry Combs wanted to get rid of her, and, therefore, it denies the allegations in Paragraph 22.

23.    Defendant admits that it terminated Plaintiff's employment on March 1, 2001, and admits that Plaintiff's injected the topic of her health during the termination meeting. However, Defendant denies the remaining allegations in Paragraph 23.

24.    Defendant admits the allegations in Paragraph 24.

25.    Defendant admits that its reasons for terminating Plaintiff were that she was not profitable enough, that the Company had received complaints from customers about her, and that she could not get along with her co-workers. However, Defendant denies the remaining

allegations in Paragraph 25.

26.    Defendant denies the allegations in Paragraph 26.

## COUNT 1

27.    In response to the allegations in Paragraph 27, Defendant incorporates by reference its admissions and denials in Paragraphs 1 through 26, as if fully restated herein.

28.    Defendant denies the allegations in Paragraph 28.

29.    Defendant denies the allegations in Paragraph 29.

30.    Defendant denies the allegations in Paragraph 30.

31.    Defendant denies the allegations in Paragraph 31.

32.    Defendant denies the allegations in Paragraph 32.

33.    Defendant denies the allegations in Paragraph 33.

## COUNT II

34.    In response to the allegations in Paragraph 34, Defendant incorporates by reference its admissions and denials in Paragraphs 1 through 33, as if fully restated herein.

35.    Defendant denies the allegations in Paragraph 35.

36.    Defendant denies the allegations in Paragraph 36.

37.    Defendant denies the allegations in Paragraph 37.

38.    Defendant denies the allegations in Paragraph 38.

## COUNT III

39.    In response to the allegations in Paragraph 39, Defendant incorporates by reference its admissions and denials in Paragraphs 1 through 38, as if fully restated herein.

40.    Defendant admits the allegations in Paragraph 40.

41.    Defendant denies the allegations in Paragraph 41.

42.     Defendant denies the allegations in Paragraph 42.

43.     Defendant denies the allegations in Paragraph 43.

44.     Defendant denies the allegations in Paragraph 44.

## COUNT IV

45.     In response to the allegations in Paragraph 45, Defendant incorporates by reference its admissions and denials in Paragraphs 1 through 44, as if fully restated herein.

46.     Defendant admits that Plaintiff was terminated, but denies the remaining allegations in Paragraph 46.

47.     Defendant denies the allegations in Paragraph 47.

48.     Defendant denies the allegations in Paragraph 48.

49.     Defendant denies the allegations in Paragraph 49.

50.     Defendant denies the allegations in Paragraph 50.

## COUNT V

51.     In response to the allegations in Paragraph 51, Defendant incorporates by reference its admissions and denials in Paragraphs 1 through 50, as if fully restated herein.

52.     Defendant admits that Plaintiff has complained to the Company regarding discrimination and/or harassment, but denies the remaining allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

## COUNT VI

55.     In response to the allegations in Paragraph 55, Defendant incorporates by reference its admissions and denials in Paragraphs 1 through 54, as if fully restated herein.

56.     Defendant states that the allegations in Paragraph 56 are legal conclusions which

do not require any response.

57.     Defendant denies the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant denies the allegations in Paragraph 59.

## COUNT VII

60.     In response to the allegations in Paragraph 60, Defendant incorporates by reference its admissions and denials in Paragraphs 1 through 59, as if fully restated herein.

61.     Defendant denies the allegations in Paragraph 61.

62.     Defendant denies the allegations in Paragraph 62.

63.     Defendant denies the allegations in Paragraph 63.

64.     In response to the "WHEREFORE" clause of the Second Amended Complaint, including subparagraphs a through g inclusive, Defendant denies that Plaintiff is entitled to the relief sought, or to any other relief whatsoever.

65.     Defendant denies each and every allegation set forth in the Amended Complaint not specifically admitted herein as true.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Second Amended Complaint and the allegations contained therein fail to state a claim upon which relief may be granted against Defendant.

### SECOND DEFENSE

All actions taken by Defendant, its representatives and employees, with respect to Plaintiff's employment, and the terms and conditions of her employment, were for legitimate

business considerations and were taken in good faith, without any malice and without any intent to injure or harm Plaintiff, and, therefore, are not violative of any law.

THIRD DEFENSE

Plaintiff has failed to mitigate her damages, and to the extent of such failure to mitigate, any damages that may be awarded to Plaintiff should be reduced accordingly.

FOURTH DEFENSE

Some of Plaintiff's claims may be barred by the applicable statute of limitations.

FIFTH DEFENSE

Plaintiff's claims under Title VII of the Civil Rights Act and under the Americans With Disabilities Act are barred because she failed to exhaust her administrative remedies.

SIXTH DEFENSE

Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

SEVENTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any harassing behavior (the existence of which is denied).

EIGHTH DEFENSE

Defendant reserves the right to assert additional affirmative defenses as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, having fully answered, Defendant requests that Plaintiff take nothing by her Second Amended Complaint; that the Second Amended Complaint be dismissed with prejudice and in its entirety; that judgment be entered against Plaintiff and in favor of Defendant

for all costs and attorneys' fees incurred by Defendant in defending this action; and that

Defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/Richard J. Antonelli (by Alison Day Hall)
Richard J. Antonelli
Trial Attorney (admitted *pro hac vice*)
Littler Mendelson, P.C.
Dominion Tower
625 Liberty Avenue, 26th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412.201.7600
Fax:  412.456.2377

Alison Day Hall, Of Counsel (0068060)
Littler Mendelson, P.C.
Fifth Third Center
21 East State Street, 16th Floor
Columbus, Ohio 43215
Telephone: 614.463.4201
Fax: 614.221.3301
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing has been filed via the electronic filing system on November 11, 2003. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system.

/s/Alison Day Hall
Alison Day Hall

Columbus:26878.1 034801.2015